## No. 11,002.

## AUGUST RIST VS. W. H. HARTNER, TUTOR.

Tender, as a condition precedent to the institution of a suit to annul a settlement or contract, under which money passed from the defendant to the plaintiff may be exacted where contractual relations could legally exist between them; but it can not be required from a minor by a tutor, sued for an account, between whom no *such* relations existed.

It is only *after* an account has been rendered, accompanied by vouchers by the tutor to the minor, as required by Article 361 of the code, and adjusted, that the fiduciary relations between them really cease.

In an action, by a minor, who has become of age, brought within four years after his majority, for an account from his tutor, in which a previous settlement or contract between them is attacked, as made in violation of law, and under charges of disguise and concealment by the tutor and averment of the minor's ignorance of the true condition of things at the time, the plea of tender by the tutor from the minor of the money received by the latter, under the settlement, is inadmissible, as a condition precedent to suit.

All that equity requires in such a case is that the tutor be permitted to claim the amount in reconvention.

APPEAL from the Sixteenth District Court, Parish of East Feliciana. *Brame, J.*

*W. F. Kernan* for Plaintiff and Appellant:

Every agreement between tutor and minor, after majority, not preceded by an account accompanied by vouchers, delivered ten days previous, is null and void. R. C. C. 361; 16 An. 325; 15 An. 479; 18 An. 587; 2 L. 513; 12 An. 401.

Where a minor sues his tutor for an account of his tutorship, on the ground that the former settlement was made in error, and while the minor was ignorant of his rights and of the facts, a tender is not a condition precedent to the institution of such suit. 4 R. 290; 33 An. 745; Ib. 769; 41 An. 627.

Where it appears the defendant has received rents and revenues in an amount larger than what he paid, a previous tender is not necessare. Ware vs. Berlin, 43 An. 524.

Rist vs. Tutor.

*Wedge, Kilbourne & Stone* for Defendant and Appellee, cited: 6 R. 450; 5 R. 65; 21 An. 425; 2 R. 180; 19 L. 283; 30 An. 1190; 1 An. 38; 10 L. 269; 9 L. 305; 19 An. 80; 13 An. 472.

The opinion of the court was delivered by

BERMUDEZ, C. J. The plaintiff brought this suit within four years after reaching his majority against the defendant for an account of tutorship.

The defence is that a settlement has been effected under which a sum of money was paid to the plaintiff, who has receipted therefor, and that before the defendant can be called upon for an account the plaintiff must pay over to him the amount which thus passed.

The plaintiff thereupon filed a supplemental petition in which he attacked the settlement alleged and sought its nullity.

Judgment having been rendered sustaining in part the defence of want of tender, to the dissatisfaction of both litigants, the plaintiff appeals, the defendant asking here an increase of the amount required to be tendered.

It will not do to say that the plaintiff can not, in the same breath, seek the nullity of the settlement and claim to be entitled to retain the amount received under it, until a final adjustment of the differences between him and the defendant, and that the settlement is his title to the money, and if that title is bad he has no right under it to the money, although he may be entitled to recover a larger amount in the end from the defendant.

Defences of that description can be set up and urged by a party against another when *contractual* relations could have existed and did exist, in *reference* to the transaction involved; but they are not admissible on the part of one who occupied a *fiduciary* position towards the claimant and who could have no contractual relations with him before the occurrence of a certain determinate event. R. C. C. 1790.

This is an action by a minor who has become of age against one who admittingly was his *tutor* and who occupied, therefore, a *fiduciary* position as to him.

The law expressly declares that every *agreement* which may take place between the tutor and such minor shall be null and void, *unless* the same was entered into *after* the rendition of a full account and

delivery of the vouchers, the whole being made to appear by the receipt of the person to whom the account was rendered ten days previous to the agreement. R. C. C. 361. The jurisprudence is in accord with this wise provision. 2 La. 523; 15 An. 479; 16 An. 325; 12 An. 401; 13 An. 228; 25 An. 471, 529.

It is therefore clear that such an account is a condition precedent for the validity of *any* agreement between them, in whatever form it may have been entered into, whether by settlement or otherwise. This is a matter of proof which is decisive of the validity of the agreement.

It is not until after such an account has been rendered and adjusted that the fiduciary relations between tutor and pupil really cease.

There is no evidence here that *such* an account was rendered *previous* to the alleged settlement, which is treated on its face as a " *contract.*"

In cases presented for judicial determination in which minors have sued tutors for an account and attacked *purchases* of *their* property by administrators, and settlements made in error and while they (the minors) were in ignorance of their rights under undisclosed and concealed facts, and in which the plea of *tender* had been set up, as a condition precedent, it has been held that it was not to be demanded. Tutorship of Hacket, 4 R. 290; Wood vs. Nichols, 33 An. 744; Heirs of Burney vs. Ludeling, 41 An. 632.

All that equity requires in such cases is to permit the defendant to claim the amount in reconvention.

Under the circumstances of this case, the plaintiff should not have been held to a *tender*, as a condition precedent to action.

It is therefore ordered and decreed that the judgment of the lower court be reversed and avoided and that the plea of tender be overruled.

It is besides ordered that the case be remanded for further proceedings according to law; the defendant and appellee to pay the costs of appeal as well as those of the lower court, incurred subsequent to the filing of the supplemental petition.