BREAUX, C. J.
This suit involves alimony which the wife claims from defendant husband, from whom she was divorced by decree of the district court on the 29th of June, 1903.
The suit was regularly brought for a divorce, and, after having heard the testimony, the judge of the district court decided that she was entitled to a divorce, which was granted, and the bonds of matrimony dissolved. 1-Ie further decreed, in the same judgment as that in which the divorce was decreed, in favor of plaintiff for alimony at the rate of $5 a month for May, June, July, and August, and $10 a month for September, October, November, December, January, February, March, and April, for each year, the payment to commence to run from July 1, 1903; and the judgment decreed further that plaintiff is entitled to one-half of the property acquired during the marriage.
From this judgment the defendant appeals only as relates to alimony.
There is a son 17 years of age born of the marriage between plaintiff and defendant. We are told by the testimony that he was at work for his own living at the date that the suit was tried.
Defendant on appeal does not complain of the judgment of divorce. He accepts the situation brought about by the judgment, except that portion which decreed that he must pay alimony to his wife. He is quite willing to part from her, we infer, but he is unwilling, very much so, to pay for her support. It may be very irksome — indeed, we do not for an instant question but that it is — but we must interpret the law as it is written. When the wife who has obtained the divorce has not sufficient means for her maintenance, the court may allow her, in its discretion, out of the property of her husband, alimony, which shall not exceed one-third of his income. Civ. Code, art. 160.
“The alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage.” Id.
The grounds of the defense are that there is no evidence that the plaintiff has not sufficient means for her maintenance, and that there is no evidence before the court showing how much is the income of defendant.
We understand from the testimony that it is not possible for her to remain at the matrimonial home. That there was cause for leaving is sustained by the decree of divorce, of which the defendant does not complain.
Under the circumstances of the case we cannot look upon plaintiff’s absence from home as an abandonment of her husband. This plea of abandonment is invoked in order to sustain the proposition that during the five years she was not at home she managed to find the means for 'her maintenance, and that it is fair to infer that she does not now need alimony. The testimony is silent in regard to the means she may have for her support. If she has no means, it devolves on her to prove it. Not the least attempt was made to introduce proof to show her necessitous circumstances.
No presumption against her grows out of the fact that she did not sue out a rule *857 for alimony pendente lite under article 148 of the Civil Code, but she must be held to a proof of the fact that she is poor and without means.
She has sued and asks for alimony. If her claim for alimony was made in time, we are not to assume that her silence heretofore upon the subject makes against her. She, none the less, must make the proof before mentioned.
The onus of proof is with the wife.
No testimony goes to show that the mother is in any way supported by the labor of her son.
We have concluded to remand the case for further evidence on the lines before mentioned; that is, whether she has or has not means of support within the meaning of the article cited supra.
Defendant is a longshoreman. The testimony shows the wages usually earned by chose who follow that occupation.
For reasons assigned, the judgment appealed from is avoided, annulled, and reversed as relates to alimony, and the case is remanded to receive evidence regarding the means vel non of plaintiff, and for decision regarding alimony by the district court after further evidence will have been admitted.
Costs of appeal to be taxed to appellee.