MONROE, J.
Plaintiff sued for divorce and prayed that she be allowed alimony at the rate of $25 per month, from judicial demand. The divorce was granted, and the alimony was allowed, at a lower rate, from the rendition of the judgment. Defendant appealed, and plaintiff answered, praying for an annullment of the judgment. In this court it was said, “Defendant does not complain of the judgment of divorce. He accepts the situation brought about by the judgment, except that portion which decreed that he must pay alimony to his wife.” But, the record being silent as to the plaintiff’s necessities, the court, without specifically acting upon the question of divorce, annulled the judgment appealed from, in so far as it awarded alimony, and remanded the case, “to receive evidence regarding the means vel non of the plaintiff, and for decision regarding alimony by the district court, after further evidence will have been admitted.” The present appeal is prosecuted by defendant from a judgment awarding the plaintiff alimony at the rate of $15 a month, from the rendition of the judgment, and the plaintiff answers, praying that she be allowed the alimony as claimed in the petition. From the evidence now before us, it appears that the defendant has regular employment, as a longshoreman, in which he earns an average amount of $47.21, a month, but it is not shown that he owns any property or has any income outside of his daily earnings. It also appears that plaintiff is without means (that is to say, “property”), and that she maintains herself, and a son of the marriage (a boy about 17 years old, who is said to be learning a trade at a school in Tennessee), by working, as a cook or house servant, for $16 a month.
The law, upon the subject of the alimony that may be allowed to women who are suing for, and to those who obtain, judgments of separation and divorce, is found in articles 148 and 160 of the Civil Code, as follows:
“Art. 148. If the wife has not sufficient income for her maintenance, during the suit for separation, the judge shall allow her a sum for her support proportioned to the means of the husband,” etc.
“Art. 160. If the wife, who has obtained the divorce, has not sufficient means for her main *698 tenance, the court may allow her, in its discretion, out of the property of her husband, alimony, which shall not exceed one-third of his income. This alimony shall be revokable in case it should become unnecessary and in ease the wife should contract a second marriage.” (Italics by the court.)
It will be observed, that these articles are expressed in very different terms. Thus under article 148, it is made the mandatory duty of the judge, if he finds that the wife has not sufficient income to maintain her, pending the suit, to allow her alimony, proportioned to the “means” of her husband. On the- other hand, under article 160, it is made discretionary with the court, after the decree has been obtained, to allow alimony “out of the property of the husband,” not, however, to exceed one-third of his “income,” and subject to withdrawal under certain circumstances.
It will hardly be contended that, upon an application under article 148, the husband could escape the payment of alimony by showing that his wife was capable of earning an “income” by her own labor. We must, therefore, infer that, for the purposes of that article, the word “income” refers to a revenue derived from some other source than the labor of the recipient. If, however, it has that meaning, as used in article 148, why^ has it not the same meaning, as used in article 160? And, if we give to the word “property,” as used in article 160, the ordinary meaning, and, to the word “income,” the meaning that we have given to it in article 148, the plaintiff can recover no alimony for time subsequent to that at which she obtains her divorce, since it does not appear that the defendant has any property or that he has any “income,” in the sense which we are attributing to that word (on the contrary it seems reasonably certain that he has neither). There are, besides, other considerations which should influence the conclusion to be reached on this subject, to wit, article 119, of the Civil Code, provides that “the husband and wife owe to each other mutual fidelity, support, and assistance,” and, this as the result of a civil contract. But the wife, in this case, has chosen (for good reasons, as the courts have found) to have the contract between herself and her husband dissolved and set aside, so that she, now, owes him nothing, and ordinarily he would owe her nothing. The lawmaker has however established a special rule upon the subject of the marriage contract, as the result of which, notwithstanding the discharge of the wife from her obligations thereunder, the husband may still be compelled to respond to his obligations, by paying alimony to his former wife, to the extent of one-third of the “income” which he may enjoy from his “property.” This is as far as the lawmaker has gone, and our courts can hardly go farther, nor, so far as we are able to discover, have they done so. We have been referred to no case in our jurisprudence, and we have found none, in which alimony such as is here claimed has been demanded, and, in Suberville v. Adams, 46 La. Ann. 124, 14 South. 521, this court, speaking through Watkins, J., after quoting Civ. Code, art. 160, said:
“It is evident that this species of alimony— for the maintenance of the divorced wife—is an incident of the settlement of the ‘matrimonial community,’ ” etc.
Our conclusion, then, is that the plaintiff, upon the case presented, cannot recover alimony for any time subsequent to that at which the judgment of divorce becomes final. It seems to have been assumed that the judgment was made final bythedecree rendered by this court when the matter was here on a previous occasion, but we do not find this to have been the case, since that decree reads: “The judgment appealed from is avoided, annulled and reversed, as relates to alimony, and the ease is remanded,” etc., but there is no affirmance of the judgment appealed from in any respect. Upon the other hand, we know of no reason why the plaintiff should not be allowed alimony from judicial demand, since she prayed *700 for it in her petition. State ex rel. Malady v. Judge, 22 La. Ann. 264; Lauber v. Mast, 15 La. Ann. 593. In view, however, of the fact that she lived apart from her husband for five years before the bringing of this suit, and of the fact that they are both laboring people without means we are of the opinion that an allowance of a lump sum of $300 as for her maintenance pendente lite would fairly meet the demands of justice.
It is therefore ordered, adjudged, and decreed that the judgment of divorce between the parties litigant be now affirmed and that said judgment, in so far as it relates to alimony, be amended to the extent that plaintiff be allowed a lump sum of $300, as the alimony to which she was and is entitled pendente lite, and that, as thus amended, said judgment be affirmed; the plaintiff to pay the costs of the appeal.