(44 South. 799.)

No. 16,798.

OTILLIO v. OTILLIO.

In re OTILLIO.

(Oct. 21, 1907.)

1. CONTEMPT—TRIAL—SUBSEQUENT ACTS.

A person brought into court on a rule for contempt cannot be called on to answer for another and a later act than the one charged, even if the later act could be considered to be a contempt of court.

2. DIVORCE—FAILURE TO PAY ALIMONY.

The failure of a defendant to pay promptly the alimony which he is ordered to pay by a judgment does not carry with it a contempt of court per se and ipso facto as the result of such failure.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 756.]

(Syllabus by the Court.)

Action by Julia D. Otillio against J. N. Otillio. Judgment committing defendant to imprisonment for failure to pay alimony, and he applies for writs of certiorari and prohibition. Reversed, and relator relieved from all liability.

Joseph Kenton Bailey, for relator. Respondent Judge, pro se. Woodville & Woodville, for respondent Otillio.

Statement of the Case.

NICHOLLS, J. The plaintiff in this suit brought suit against the defendant, her husband, for an absolute divorce. She prayed for the custody of her two children and for alimony, alleging that she required at least $4 a week for the support of herself and her children, as she was in needy circumstances.

Judgment was rendered in her favor on December 19, 1906 (which was read and signed in open court on March 12, 1907), granting her, as prayed for, divorce and the custody of her children. The judgment further "ordered that defendant pay unto his wife alimony at the rate of $4 per week, payable weekly from date of rendition of the judgment."

On June 4, 1907, on motion of the attorneys for plaintiff, and on their suggesting to the court that on the —— day of —— a judgment was rendered by it ordering defendant to pay alimony to plaintiff, his wife, for the support of herself and her minor children, at the rate of $4 per week, and that the said defendant had failed to pay said alimony, being some eight weeks behind in the payment thereof, and is in contempt of this honorable court for failing to comply with the order thereof, "the court ordered that the defendant show cause on the 7th of June, 1907, why he should not be punished for contempt."

The defendant answered the rule. He admitted that he had not paid any alimony for seven or eight weeks prior to the taking of the rule by plaintiff, but that he had no desire to evade or refuse to obey the orders of the court, but that at the time it was a physical impossibility for him to pay alimony, for the reason that he was at that time, and had been for three or four previous months, except one week in the month of May, 1907, without employment of any kind, although he was then and had been diligently seeking employment; that he had acquiesced in the judgment of divorce and alimony, having paid all alimony due up to and including the 12th day of March, 1907, when it became final, thereby satisfying the said judgment as regards alimony pendente lite; that it had not been shown that he then owned or had owned property, and that as a matter of fact he did not and never had owned property of any kind; that therefore he could not be compelled to pay alimony subsequent to final judgment, and consequently he was not in contempt of court for failure to do so.

On the trial of the case the following testimony was elicited, defendant being on the

stand as a witness and questioned by the plaintiff's attorney:

"Q. Mr. Otillio, you have paid alimony under this judgment up to the end of April, have you?
"A. Yes, sir.
"Q. That is the last payment?
"A. Yes, sir.
"Q. Why haven't you paid any since?
"A. Didn't have any money; wasn't working. I tried to seek a position all around the city, and couldn't find any.
"Q. Do you swear you have not earned any money since April 1st?
"A. No, sir; I worked a month and a half at Schmidt & Ziegler's.
"Q. What time was that?
"A. July and part of August.
"By the Court. How much did you get?
"A. Sixty-five dollars in money—sixty-eight dollars altogether.
"Q. How much of that money did you give your wife and your two children?
"A. Well, Judge, I did not give her any.
"By the Court: That is enough.
"There was judgment condemning this man for alimony. He did not pay it. He has a wife and two children. From my knowledge of the trial of this case, one of the children is an invalid and had to be put in some asylum. The mother has the support of the other—evidently under two years of age.
"To plaintiff's Attorney:
"Q. How old is that child, Mr. Woodville?
"A. The little cripple one—the one at the Home for the Incurables—is four years old. This one is three.
"By the Court: He has earned enough, or could earn enough, to give the paltry sum of $4 a week to the mother, so she could have some means of support. He has deliberately collected on his own say-so $68, and not one picayune—not one dime—of that money does he give to support the children that he brought into the world. I do not care what the differences are between the husband and wife. They may quarrel and fight as much as they please, but those children ought not to suffer. His appearance on the stand shows that he is a fat, strong, able-bodied man, capable of working. That alimony has not been reduced. The judgment has not been changed. This court has sat here day after day—Friday after Friday—and called these rules Friday after Friday since May. If there was any reason to reduce the alimony, it has not been shown. He has violated the order of this court, and the court will condemn him to 10 days' imprisonment in the parish prison."

The evidence shows that under a commitment from the court he was turned over to the keeper of the parish prison, to be therein incarcerated for a period of 10 days.

The defendant thereupon made the present application to this court for writs of certiorari and prohibition.

In his petition to the court relator reiterates the allegations of his answer to the rule served on him for contempt. He averred that on the rule for contempt, without hearing any evidence other than that he had earned some money since that rule was taken, the rule was made absolute, and he had been ordered to be imprisoned for 10 days, and he was then illegally imprisoned and detained. He averred that he was unable to pay alimony, being without employment for some time past; that what employment he had had since the rule was taken left him with barely enough to support himself, and that his imprisonment would result in the loss of a position into which he expected to enter on the next Wednesday, September 18th; that to imprison him for contempt would amount to imprisonment for life; that contempt proceedings were not the proper method to enforce a judgment condemning him to pay money which was executory, being otherwise provided for by the laws of the state, which means had not been exhausted or used in these proceedings; that a judgment for alimony subsequent to divorce, such as was that in this case, was practically a judgment against the property and by means laid down in the law; that he had paid all alimony due pendente lite, and was without property of any kind, and was so at the time the judgment became final; that he could not be compelled to pay alimony for plaintiff subsequent to the final divorce obtained by her, and to do so was without warrant of law.

On reading relator's petition a writ was directed to issue to the judge of division D of the civil district court, commanding him to send up the record in the case, and the execution of the order of the district judge committing relator to the parish prison was directed to be suspended, and relator released and set at liberty until further order of the Supreme Court.

The record has been sent up as directed. Relator urges that alimony can be allowed to the wife after she obtains a divorce under article 160 of the Revised Civil Code only from the "property" and not in excess of one-third of the "income" of the husband; that the word "property," as used in the article, does not mean "earning capacity," nor does it mean "current earnings resulting from labor." He relies upon the decision of this court in Jackson v. Burns, 116 La. 695, 41 South. 40, in support of that contention.

He calls attention to the fact that the judge based his judgment on conditions arising since the taking of the rule—conditions which, had the rule gone to trial on the day originally set, would never have been injected into the case, and the judgment does not respond to the pleadings; that the only money which he had earned was earned subsequent to the rule for contempt, which was taken on June 4th.

### Opinion.

On several occasions this court has declared that, if parties are to be imprisoned for contempt, it should be for acts antedating the issuing of the rule, not for acts arising subsequently to and pending the rule; that the act for which a party can be found guilty is that charged in the rule, and not another and later act; that a person brought into court on a rule for contempt could not be called on to answer for another and a later act, even if it could be considered to be a contempt of court. State ex rel. Phelps v. Judge, 45 La. Ann. 1257, 14 South. 310, 40 Am. St. Rep. 282; State ex rel. Duffy & Behan v. Civil District Court, 112 La. 184, 36 South. 315; Ansley v. Stuart, 119 La. 1, 43 South. 894.

The district judge in the present instance overlooked and disregarded the rule just referred to. Relator was not called on to defend himself against any act claimed to be in contempt of court which occurred after the rule had issued against him. Independently of this, it was neither charged in the rule for contempt, nor proven, that relator had been called on to pay the alimony claimed to be due under the judgment, either when it fell due or later. We do not think the mere failure to pay promptly week by week carried with it per se and ipso facto a contempt of court.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment of the district judge brought up for review herein, finding relator guilty of contempt of court and ordering him to be imprisoned therefor for 10 days in the parish prison, be and the same is hereby annulled and set aside, and relator is hereby relieved from all liability thereunder.