Mitchell & Young, for appellants. Williams & Williams, for appellee.

LAND, J. This suit was instituted by two saloon keepers of the village of Oberlin, to contest the result of a local option election held in said village on October 15, 1907.

The defendant excepted that the court had no jurisdiction ratione materiæ. This exception was sustained, and the suit was dismissed.

The petition shows that the complaint is leveled (1) against the action of the election commissioners in receiving and rejecting votes, and (2) against the action of the town council in canvassing the returns and promulgating the result. The vote as returned was against licensing the sale of intoxicating liquors. Plaintiffs made their contest before the town council, but by the action of that body a majority still remained in favor of prohibition. Plaintiffs' prayer is that the election and returns be declared null and void, or that the returns be purged and counted so as to show a majority in favor of license.

It is admitted that there is no statutory

121 LA.—21

authority for a contest of this kind, but it is strenuously argued that the right exists on general principles.

The jurisprudence of this state is otherwise. State v. Judge, 13 La. Ann. 89; State ex rel. Woodruff v. Police Jury, 41 La. Ann. 846, 6 South. 777; State ex rel. Davis v. Police Jury, 43 La. Ann. 1009, 10 South. 359; Taxpayers v. O'Kelly, 49 La. Ann. 1040, 22 South. 311; State ex rel. Reese v. Foster, Judge, 111 La. Ann. 1090, 36 South. 200. See, also, Hagens v. Police Jury of Caddo Parish (this day decided) ante, p. 633, 46 South. 676.

Judgment affirmed.

---

(46 South. 679.)

No. 16,676.

## NISSEN v. FARQUHAR.

(May 11, 1908.)

1. WITNESSES — COMPETENCY — SEPARATION FROM BED AND BOARD—ALIMONY—HUSBAND AS WITNESS.

Though the husband knows better than any one else possibly can what his means are, he cannot be called upon by the wife to give testimony on that subject, so long as article 2281 of the Civil Code remains as it is. Though evidence on that subject has been received from him, the court will not give it effect, though no bill of exceptions was reserved.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 167–172.]

2. DIVORCE—ALIMONY—AMOUNT AWARDED.

The statute does not disclose the elements upon which the conclusions of the court must rest in fixing the amount of alimony to be awarded to a wife pendente lite. Each case depends on its special facts, and the matter is left greatly to the discretion of the trial judge. She should be granted an amount sufficient for the decent support and maintenance of herself and child, proportioned to the means of the husband.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 613–615.]

3. SAME—APPLICATION—DELAY.

There is no legal objection to the wife's coupling in the same application a prayer to be assigned a residence with a prayer to be granted alimony pendente lite. The wife does not forfeit her right to such alimony by a delay

in calling upon the court for action upon her demand for the same.

4. SAME — AWARD OF ALIMONY — GROUNDS — NECESSITOUS CONDITION OF WIFE.

The wife is not required, in a suit for separation from bed and board from her husband, to prove as a condition precedent to being granted an order for alimony that she is in necessitous circumstances. The relations of husband and wife continuing during such suit, the husband is under a legal obligation to furnish her support. If the condition of the wife is such as to release the husband from doing so in any particular case, that fact should be alleged and proved as a matter of defense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 614–616.]

5. SAME—RIGHTS OF PLAINTIFF IN RECONVENTION.

When the wife, in a suit brought against her by her husband for a separation from bed and board, reconvened, praying that his demand be dismissed and that she herself be granted such a separation, she occupied, quoad the reconvention, the position of a plaintiff, and is entitled as such to pray for alimony pendente lite.

6. SAME—EVIDENCE.

In the absence of any allegation by the husband that his wife has not continued to reside at the place fixed for such residence by the court, the wife is not required to make proof of such fact. If she has not in fact done so, the husband can raise and make good that objection prior to making payment.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Action for divorce by Hans C. Nissen against Margaret Farquhar, his wife, in which defendant filed a petition in reconvention, praying a separation from bed and board, with custody of their child and alimony. From an order allowing defendant temporary alimony, plaintiff appeals. Reversed.

John Beauregard Fisher, for appellant. William Joseph Formento and Fernand Fortuné Teissier, for appellee.

### Statement of the Case.

NICHOLLS, J. On the 9th of April, 1906, the plaintiff brought suit, seeking to have decreed a separation from bed and board between himself and his wife and to have given to him the custody of their child. The demand was based upon allegations that the wife was guilty of such excesses, and constant outbursts of temper, cruel treatment, and outrages, as to make their living together insupportable.

Plaintiff charged: That for two years she had publicly cursed and reviled him. That she neglected her household duties and family, and was away from her home the entire day without reason. That she squandered the money allowed her by him for household purposes. That she was frequently under the influence of liquor. That she had attempted on two occasions to take his life.

That on March 9, 1906, she publicly defamed him at their common dwelling and attacked him with a water bucket. That she got into a violent rage, and, taking their minor child, left the premises. That she was unfit to have the custody of the child, even during the pendency of the suit. That he was prepared and ready to take charge of it and to give it proper care.

The defendant answered the petition on the 20th of April, 1906. She pleaded, first, a general denial. She admitted her marriage with plaintiff, and that there was one child, Elizabeth Catherine, aged —— years, issue of their marriage. She specially denied every allegation in the petition which was detrimental to her conduct as a wife. Assuming the position of plaintiff in reconvention, she alleged that she had always behaved herself as a dutiful wife and mother.

She averred: That her husband had been most brutal and violent to her. That he had made her life miserable and cohabitation with him was impossible. That he had failed to provide even the necessaries of life, and had deprived herself and his child of necessary clothing, notwithstanding the fact that he was strong and healthy and able to work, and was still receiving a monthly revenue of

$104 from rents alone, and that each of his sons by a first marriage paid him $7 a week for board. That he constantly insulted and shamed her, and called her by the most insulting names in the presence of their child, of her stepchildren, and of the neighbors.

That on March 30, 1906, her husband beat and choked her to such an extent that she had to get out of the house to save her life and had to call upon a physician for treatment. That notwithstanding this bad treatment she made an effort to return, but she was kept out of the conjugal domicile. That the custody of their child belonged in law to her, and that she and her child, being in dire distress and necessitous circumstances, she should be allowed alimony in proportion to her husband's wealth and revenues.

In view of the premises she prayed to be authorized to prosecute the demand and stand in judgment; that there be judgment dismissing the plaintiff's demand and rendering judgment in her favor on her reconventional demand, decreeing a separation from bed and board between herself and her husband, allowing her the custody of the child, and granting her alimony in proportion to her husband's means and revenues.

The court granted defendant leave to file the answer and reconventional demand.

On March 14, 1907, on motion of defendant's attorney, suggesting that she and her child were in necessitous circumstances and that plaintiff was fully capable of furnishing alimony to her and her child during the pendency of the suit, the court ruled the plaintiff to show cause why he should not furnish alimony to the extent of $10 per week.

On May 3d the husband excepted to this rule on the ground that his wife had no standing in court to bring any proceedings against him for alimony. Should said exception be overruled, he pleaded a general denial, and asked for strict proof. He averred that she had not placed herself within the law, having had no domicile assigned to her, and she had no legal right to alimony.

On May 22d, on motion of the wife's counsel, suggesting that she desired to have her residence fixed by the court, that she and her child were in necessitous circumstances, and her husband was fully capable of furnishing alimony for their support during the pendency of the proceedings, the court ordered that he be ruled to show cause on the 24th of May why the house No. 2115 Howard street, where his wife had been residing for the past eight months, should not be assigned to her by the court, and why he should not furnish alimony to her and to their child in proportion to his means during the pendency of the suit.

On the 24th of May defendant in reconvention (the husband) excepted to this rule on the ground that the wife had no standing in court to bring any demand against him for alimony, and, further, that in a proceeding for alimony the designation of a domicile could not be tried at the same time.

The court overruled the exception, assigned to the wife as her domicile the house mentioned in the rule, and made the rule absolute, condemning the husband to pay to his wife alimony at the rate of $30 a month, payable in advance, beginning from the date of the judgment (May 24th).

The husband has appealed.

Appellant urges:

(1) That on a rule praying to fix a domicile for the wife there cannot be coupled a prayer for alimony.

(2) That no alimony can be accorded unless there be proof that the wife has resided at a fixed domicile and proof that she is in necessitous circumstances.

(3) In calculating the amount of alimony during the suit for separation (where the same may be legally allowed), it must be proportioned to the means of the husband. The debts and expenses of the husband must be considered in fixing the amount.

(4) Where the husband has lost the usufruct of property belonging to a prior community by his remarriage, there being children of said prior marriage, only his share of the net revenues can form a basis on which alimony is to be calculated.

(5) The husband cannot be called as a witness to testify as to his means, in order, from said testimony, to establish the basis on which alimony can be granted. To entitle a wife to claim alimony, she must be plaintiff in a suit for divorce or for separation from bed and board.

Counsel refer the court to articles 147, 148, and 2281 of the Civil Code, and to Moore v. Moore, 18 La. Ann. 613, Carroll v. Carroll, 42 La. Ann. 1071, 8 South. 400, Suberville v. Adams, 46 La. Ann. 122, 14 South. 518, Jackson v. Burns, 112 La. 854, 36 South. 756, Jackson v. Burns, 116 La. 695, 41 South. 40, State ex rel. Hill v. Judge, 114 La. 44, 38 South. 14, and 2 Bishop on Marriage & Divorce, p. 453.

Counsel for Mrs. Nissen in their brief submit as correct the following propositions:

(1) A wife, defendant in a suit for separation from bed and board, who assumes the position of plaintiff in reconvention therein, making a similar demand against her husband, can claim alimony from her husband pendete lite. Landreaux v. Landreaux, 114 La. 528, 38 South. 442.

(2) A wife, whether plaintiff or defendant in a divorce suit, is compelled to prove her residence only when she is called upon to do so. Carroll v. Carroll, 48 La. Ann. 836, 19 South. 872.

(3) Alimony allowed to a wife pendente lite is an order under the control of the judge and subject to a very great extent, if not entirely, to his discretion. Imhof v. Imhof, 45 La. Ann. 717, 13 South. 90.

(4) A wife being entitled of right to support and maintenance from her husband during the marriage, it is not necessary therefor that she should prove her necessitous circumstances as a prerequisite or condition precedent to recovering alimony pendente lite in a suit for separation from bed and board or divorce. Civ. Code, arts. 119, 120; State ex rel. Huber v. Judge, 49 La. Ann. 1503, 22 South. 887.

(5) The testimony of a husband in an alimony proceeding as to his means and revenues is competent as the best evidence, and is not in violation of article 2281 of the Civil Code; a rule for alimony not being a suit between husband and wife, but a mere incidental demand springing out of such suit, and not causing the disclosure of anything arising out of the confidential relations between husband and wife.

(6) Even though the introduction of such testimony could have been successfully resisted, it must be given effect to, if admitted, and no bill of exception was taken to the ruling of the court allowing it.

## Opinion.

The wife, having become a plaintiff through her demand in reconvention for a separation from bed and board from her husband, was entitled to pray that alimony be accorded her pendente lite. Landreaux v. Landreaux, supra.

She prayed for such relief in the answer which she filed in court in April, 1906, though she did not seek to have that prayer acted upon by the court separately from the main demand until she did so March 14, 1907, under the rule to show cause which she then caused to be issued against her husband. The husband, in the meantime, was at liberty to have provoked an earlier trial on the question had he deemed it to his interest that this should have been done. 117 La. 790, 42 South. 270, Rosenthal v. Rosenthal.

The judgment appealed from directs the alimony to be paid, not from the date of the filing of plaintiff's petition or of defendant's plea in reconvention, but from the date of the judgment appealed from. No amendment has been asked for by the appellee. We are

not called on, therefore, to express any opinion as to whether the wife was entitled to claim alimony from an earlier date or not, or whether the fact that no residence was assigned to her until the 4th of March, 1907, carried with it as a consequence the postponement of any right to alimony until such an assignment of residence had been made. The assignment of residence was made on the day the judgment for alimony was rendered upon the rule. Under such circumstances there was no occasion prior to judgment for proof by the wife of her continued residence at the designated house. If the wife, since the judgment, failed to obey the order of the court as to her residence, the husband can invoke that fact when called on for payment.

We see no good reason why the prayer for alimony should not be contained in the same petition as the prayer for an assignment of domicile. To require two separate petitions to be filed would entail costs without corresponding benefit. Appellant contends that his wife, as part of her case, should have established affirmatively that she was in necessitous circumstances. In Jackson v. Burns, 112 La. 856, 36 South. 756, it was held that the wife was called upon to make such proof; but that was not a case where the wife claimed alimony pendente lite, but in a divorce case claimed alimony after the dissolution of the marriage, when the obligation to support the wife, resulting from the relations of marriage between them, had ceased, and when alimony was claimed strictly and entirely by reason of the statute on the subject. In this case at bar, the parties are still husband and wife. The duty of furnishing her support is still in force. It has not, as yet, been established that she had forfeited her right in that respect. If by reason of her having means of her own she should not have been awarded alimony, we think that fact should have been alleged and established by way of defense.

Appellant urges that there was no proof before the court as to what his means of supporting his wife were, as the only testimony given on the subject was his own, which was improperly received over his objection. He insists, not only that he objected to testifying, as shown by the note of evidence, but that the stenographer failed to make a note of his objection, to stand in lieu of a bill of exception, as he directed him to do; that this failure on his part does not, in this instance, prejudice his rights, as the statute relative to husband and wife testifying for and against each other is prohibitory in character, and the court cannot give effect to such testimony, even if no bill of exception was reserved.

Appellee maintains, on the contrary, that the provisions of article 2281, Civ. Code, do not apply to a rule of this character, but, if it does, that no bill of exception was reserved, and effect must be given to the testimony. Fontenot v. Manuel, 46 La. Ann. 1380, 16 South. 182; State ex rel. Lasserre v. Michel, 105 La. Ann. 741, 30 South. 122, 54 L. R. A. 927; Otillio v. Otillio, 119 La. 967, 44 South. 799.

The last case referred to was one for contempt of court, while State ex rel. Lasserre v. Michel was an application for a habeas corpus. In both the state had an interest in the proceedings, and questioned him on its own behalf in respect to the issues before it. The only evidence before the court in this case as to defendant's means was the testimony of the husband, received over his objection, that under the provisions of article 2281 he should not have been compelled to testify.

The court is of the opinion that his objections were well grounded. The trial court erred in forcing him to be a witness. We give no effect to his testimony, though we do not find that any bill of exception was reserved to its ruling, or that any exception was noted as having been made in lieu of a bill.

It is true that the husband knows better than any one else possibly can what his means are; but so long as article 2281 of the Civil Code remains as it is we are forced to give it effect. There being no legal basis on which the court could fix the amount of the alimony which the wife had the right to claim, we are forced to reverse the judgment for evidence on that subject and for further proceedings according to law. In fixing the amount of alimony the court should allow her a sum sufficient for the decent support and maintenance of herself and her child, "proportioned to the means of the husband." The statute does not disclose the elements upon which the court's conclusion is made to rest. The subject is left very much in the discretion of the trial court under the facts of each particular case. 2 Bishop on Marriage and Divorce, § 405 et seq.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment of the district court be, and the same is hereby, annulled, avoided, and reversed, and this cause is remanded to the district court, and it is directed to receive evidence upon which to fix a judgment fixing the amount of alimony to be paid to the wife, and for further proceedings according to law. Costs of appeal to be paid by the appellee.

BREAUX, C. J., concurs in the decree.