(70 South. 337)

No. 21316.

MEUNIER v. THIBODEAUX.

(Nov. 29, 1915.)

*(Syllabus by the Court.)*

HUSBAND AND WIFE ⬅298, 298½—DIVORCE AND SEPARATION FROM BED AND BOARD — RULE FOR ALIMONY—DISMISSAL—PROOF OF INCOME—"MEANS OF THE HUSBAND."

In a separation suit, the alimony allowed the wife should "be proportioned to the means of the husband" (Civ. Code, art. 148); that is to say, his revenues and earnings, or income from all sources. Where such data were not proved on the trial of a rule for alimony, the proceeding was properly dismissed.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1091–1093; Dec. Dig. ⬅ 298, 298½.]

Appeal from Twenty-Seventh Judicial District Court, Parish of St. James; Charles T. Wortham, Judge.

Action by Mrs. Clara May Madeline Meunier, wife, against Henry Joseph Thibodeaux, husband. From judgment for defendant, plaintiff appeals. Affirmed.

See, also, 136 La. 655, 67 South. 540.

Guion, Lambremont & Hebert, of Plaquemine, for appellant. Pugh & Himel, of St. James, and J. L. Peytavin, of New Orleans, for appellee.

LAND, J. Plaintiff sued the defendant for a separation from bed and board, and, as an incident, claimed alimony for herself and six children at the rate of $75 per month. The suit was dismissed on an exception of no cause of action. The plaintiff appealed, and the judgment was reversed, and the case was remanded for trial upon its merits. See 136 La. 655, 67 South. 540. The rule for alimony was tried and dismissed in March, 1915. The plaintiff has appealed.

The judge below held that the evidence failed to show the amount of defendant's income. An inventory taken in 1912 in a former suit between the same parties showed that the community property consisted of a small tract of land and a few movables, appraised at $805. The evidence does not show what revenues, if any, the defendant derived from this property. It appeared that the defendant is engaged in running a small saloon in a rented building; that he carries a stock of $200 or $300, and has to pay a retail liquor license. The evidence does not show what net income, if any, the defendant derived from said business.

It appears that the plaintiff kept the children for a while, and then the defendant took them, and has been supporting them ever since.

Plaintiff lives with her mother, and assists her in running a small retail shop.

The sum allowed a wife for alimony must be "proportioned to the means of her husband." Civil Code, art. 148. In Nissen v. Farquhar, 121 La. 642, 46 South. 679, this court said:

"In fixing the amount of alimony the court should allow her a sum sufficient for the decent support and maintenance of herself and her child 'proportioned to the means of the husband.' The statute does not disclose the elements upon which the court's conclusion is made to rest. The subject is left very much in the discretion of the trial court under the facts of each particular case. 2 Bishop on Marriage and Divorce, § 405 et seq."

In Wetmore v. Eames, 28 La. Ann. xviii (not reported), it was held in a separation suit that alimony for the wife and children at the rate of $125 per month was reasonable where the husband's salary and revenues amounted to $3,700 per annum. In Gagneaux v. Desonier, 51 La. Ann. 1095, 25 South. 946, it was held that, in separation suits, the alimony to be allowed the wife should be regulated by the revenues of the community property, considered in connection with the earning capacity of the husband, and the amount required for the wife's support.

In the instant case, the evidence does not show the "means" of the husband, and, in the absence of such data, it is impossible for this or any other court to fix the amount of alimony due the wife.

Judgment affirmed.