22 So.2d 671

**RUSSO v. RUSSO.**

No. 37668.

April 30, 1945.

Rehearing Denied June 5, 1945.

Lenfant & Villere and H. W. Lenfant, all of New Orleans, for defendant-appellant.

Benjamin Washastrom, of New Orleans, for plaintiff-appellee.

FOURNET, Justice.

This case was previously before us on writs of certiorari, prohibition, and mandamus to review the trial judge's refusal to hear any evidence on and dismissing the wife's rule for alimony and to set aside two contracts executed by her following her judicial separation from bed and board

(but prior to final divorce) whereby she settled all of her community rights and waived any present or future rights she might have to alimony for the recited consideration of $700 because of the wife's failure to either return or make a tender of the consideration received for such contracts. We annulled and set aside this ruling of the trial judge, remanding the case for trial on the merits. 205 La. 852, 18 So.2d 318, 319. The matter is now before us on an appeal taken by the husband from a judgment ordering these contracts cancelled, the $700 consideration received by the wife deposited in the registry of the court, and the husband to pay the wife alimony of $25 a month during the pendency of the suit and that same amount permanently following the divorce.

The record shows that Mrs. Hanna Ryan Russo, having obtained a judgment of separation from bed and board, entered into two contracts with her husband on October 16, 1942, whereby she quitclaimed and renounced all of her rights in and to the property belonging to the community of acquêts and gains that had formerly existed between them and to insurance policies on the life of her husband for the recited consideration of $700. For this same consideration she renounced all claims for alimony, past, present, or future. In one of these contracts was contained the provision that the husband was to pay Mrs. Russo's attorneys the sum of $150 for obtaining the judgment of separation and a partition of the property. However, when Mr. Russo pleaded these contracts in bar to Mrs. Russo's claim for alimony in the proceedings filed by him for a final divorce after a year and sixty days had elapsed without a reconciliation having been effected or any further action having been taken in the matter by Mrs. Russo, she obtained a rule against him to show cause why these contracts should not be declared null and void, as being in contravention of Articles of the Revised Civil Code, Nos. 1792, 1793, and 2446. But, as pointed out by this court in our former opinion in the matter, when the wife attempted to testify on the trial of this rule, "counsel for the husband objected on the ground that a party, who was asking the court to annul a commutative contract, must first offer to return or tender the consideration thereof and the benefits derived therefrom." It was to review the ruling of the trial judge sustaining counsel in this contention that we issued the writs and remanded the case for trial on the merits after concluding the trial judge was in error in so ruling.

In arriving at our conclusion that this ruling was erroneous we pointed out that despite the enactment of Act No. 283 of 1928 since a decree of separation carries with it a separation of the goods and effects of the community but does not dissolve the marriage the general rule that a party seeking the cancellation of a commutative contract must tender or return the consideration received as a condition precedent to the right to institute such a suit has no application in the case of a wife seeking the annulment of contracts entered into with her husband except in those cases specifically authorized in Article 2446 of the Revised Civil Code and since nothing in that article authorizes a wife to enter into a settlement or waiver of her rights

to alimony during the marriage, the wife was an incapacitated party to the contracts in so far as the alimony was concerned and the case fell within the exceptions provided in Article 1793 of the Revised Civil Code, which article provides that "If, in a contract with an incapacitated person * * * entered into with any one for the benefit of such incapacitated person, any consideration be paid or given, and the contract be afterwards invalidated on account of such incapacity * * *, the consideration so paid or given must be restored, *if it was applied to the necessary use or benefit of the incapacitated person."* (Italics ours.)

But counsel for the appellant contends that after the judgment of divorce, which relieved the wife of her incapacity, she ratified these contracts because while she was testifying during the trial of the case on its merits counsel asked her if she had returned or intended to return this $700 and informed her that he was placing her in default. The court allowed this action on the part of counsel for the husband over objection of the wife's counsel in the interest of justice, with the understanding that counsel would be allowed to file such a plea of ratification, which he did.

An analysis of the evidence conclusively shows the wife never ratified these contracts following her divorce from the defendant. She pleaded their nullity prior to being relieved of her incapacity and there is nothing in the record to show that she ever altered her position in this respect either by her actions or otherwise. The fact that she did not offer to tender

and return the $700 is of no moment for while, as expressed in Article 1793 of the Revised Civil Code, the consideration must be restored when it was applied to the necessary use or benefit of the incapacitated person, equity requires that the defendant in such cases be permitted to claim the amount in reconvention. Rist v. Hartner, 44 La.Ann. 430, 10 So. 759. The evidence shows the consideration paid to Mrs. Russo was applied to her necessary use and benefit; consequently, if and when she and her husband settle the community that formerly existed between them, he may plead this amount in reconvention.

It is our opinion, therefore, that the trial judge erroneously ordered the plaintiff to deposit the $700 in the registry of the court.

Counsel for Mr. Russo, in the alternative, argues that the wife has not by clear and convincing proof shown she is in necessitous circumstances and that she is not, therefore, entitled to alimony.

It is provided in the Revised Civil Code that "If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge *shall* allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband" (Article 148), and that "If the wife who has obtained the divorce has not sufficient means for her maintenance, the court *may* allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income * * * ." Article 160. But, as

provided in Act No. 56 of 1932, amending Act No. 25 of 1898, "Whenever a judgment of final divorce shall be obtained * * * by the husband against whom the judgment of separation from bed and board shall have been rendered, the wife shall have the same rights for recovering alimony from the said husband as are now provided by law for cases in which the wife is plaintiff * * *."

■ It is obvious, therefore, that the wife's right to pendente lite and permanent alimony is predicated on her not having an income sufficient for her maintenance. See Abbott v. Abbott, 199 La. 65, 5 So.2d 504, and Jackson v. Burns, 112 La. 854, 36 So. 756.

The uncontradicted evidence shows that Mrs. Russo is an elderly lady, about 60 years of age. She receives $20 a month from a son in the armed forces. She also receives $12 a week, or approximately $50 a month, from an unmarried daughter, and $7 a week, or approximately $30 a month, from a daughter-in-law, both of whom live with her. This gives her an average income of $100 a month, out of which she must board and lodge her daughter and daughter-in-law and maintain herself. According to her testimony she suffers with her legs.

The husband, on the other hand, a plumber. by trade, suffers from high blood pressure and is only able to work on small jobs at odd times, his health permitting. He earns, for this labor, just about enough to support himself and his present wife. In fact, according to his testimony, his earnings amount to less than his wife receives monthly. An effort was made to show that the husband's earnings exceed the amount testified to by him, but we do not think this evidence is sufficient to materially alter the estimates given by him.

■ We cannot say, under these facts and circumstances, that the $100 a month received by the wife was not a sufficient income for her maintenance during the pendency of this litigation when we consider the husband's means in proportion to her needs and, consequently, she is not entitled to alimony pendente lite. The same may be said with respect to the award of permanent alimony, although these awards, characterized as gratuities that are in the nature pensions, may be adjusted at any time to meet the changing needs of the wife and the husband's ability to pay, or revoked entirely if they become unnecessary or the wife contracts a second marriage. Scott v. Scott, 197 La. 726, 2 So.2d 193; Wright v. Wright, 189 La. 539, 179 So. 866; Slagle v. Slagle, 205 La. 694, 17 So.2d 923; and Article 160 of the Revised Civil Code.

For the reasons assigned, that part of the judgment appealed from ordering Frank Russo, Sr., to pay his wife alimony of $25 a month pendente lite from January 17, 1944, through February 29, 1944, and permanently thereafter at the rate of $25 a month, and ordering Mrs. Hanna Ryan Russo to deposit the sum of $700 in the registry of the court, is annulled and set aside; in all other respects the judgment is affirmed. All costs of court, including those on appeal here, are taxed against the appellant.