LOTTINGER, Judge.
This matter involves a rule to show cause why alimony payment should not be eliminated or reduced. The record shows no dispute as to the facts. On October 11, 1962, plaintiff-appellant, William Hood Burris, obtained a divorce from defendant-appellee, Ruth Crisler Burris, and plaintiff-appellant was ordered to pay to defendant-appellee one-third of his net income as alimony. At the time of the divorce, defendant had no income, but plaintiff was earning $400.00 per month, with a take home pay of $334.68; his status is still the same. Subsequent to the granting of the divorce, defendant obtained a position with the State-Department of Education, and at the time-of this proceeding, was earning $275.00 per month, with a net take home pay of $203.10. The defendant also receives $35.00 per month from rental property. The record shows that defendant is the owner of some-securities, but there is no indication as to-the value or income from these. The record further indicates that there are no children involved in this case.
Because of the change in status of his former spouse since the time of their divorce, plaintiff seeks to have the alimony payments either eliminated or reduced. The Trial Judge dismissed the rule, and from this judgment, plaintiff has appealed.
The basis or authority for the Courts of this State to grant a wife alimony after *91 divorce is founded on LSA-C.C. art. 160, -which provides:
“When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third ■of his income when:
“1. The wife obtains a divorce;
“2. The husband obtains a divorce on •the grounds that he and his wife have been living separate and apart, or on the .ground that there has been no reconciliation between the spouses after a judgment ■of separation from bed and board, for a .specified period of time; or
“3. The husband obtained a valid divorce from his wife in a Court of another state or country which had no jurisdiction •over her person.
“This alimony shall be revoked if it ■becomes unnecessary, and terminates if the wife remarries.” (Emphasis ours.)
This codal article refers to the revocation of alimony if the alimony becomes unnecessary, and in Slagle v. Slagle, 205 La. 694, 17 So.2d 923 (1944) and Russo v. Russo, 208 La. 17, 22 So.2d 671 (1945) the Supreme Court recognized that the Courts of Louisiana have not only the authority to revoke the alimony, as provided in LSA-C.C. art. 160, but also the authority to make any adjustments necessary to meet the changing needs of the wife and the husband’s ability to pay.
The amount of the alimony to be awarded to a wife is left largely to the discretion of the Trial Judge, Lucas v. Lucas, 157 So.2d 615 (La.App.Cir.1963), and we are of the opinion that the elimination or modification of alimony is also in the discretion of the Trial Court, and not to be disturbed on appeal except in case of manifest error. Fruehan v. Fruehan, 153 So.2d 75 (La.App. 1st Cir. 1963).
The jurisprudence of this state has classified the alimony as provided for in LSA-C.C. art. 160 as a pension or pure gratuity. In Brown v. Harris, 225 La. 320, 72 So.2d 746, 747 (1954), the Supreme Court said:
“ * * * The alimony provided for in Article 160. is, under the jurisprudence of this state, in the nature of a pension accorded by law to the wife. This alimony or pension is nothing more than a pure gratuity which the court may allow and fix in its discretion at an amount not to exceed one-third of the husband’s income, and is revocable when it becomes unnecessary.”
As to the amount of alimony, the Court in Fortier v. Gelpi, 195 La. 449, 197 So. 138, 140 said:
“ * * * The test by which the court must be guided in such cases in fixing the amount of the alimony or pension is not what it takes to support the divorced wife in the manner in which she has been accustomed to live, but what will provide her with ‘sufficient means for her maintenance.’ ” See also—Matheny v. Matheny, 205 La. 869, 18 So.2d 324 (1944); Rabun v. Rabun, 232 La. 1004, 95 So.2d 635 (1957); Fruehan v. Fruehan, 153 So.2d 75 (La.App. 1st Cir. 1963).
At the time that the Fortier case, supra, was decided, LSA-C.C. art. 160 allowed alimony where the wife had “not sufficient means for her maintenance”. LSA-C.C. art. 160 as amended in 1964 uses the word “support” instead of “maintenance.” We can see no difference in these two words as used in this article of the Civil Code, and we are of the opinion that the legislature intended no difference of meaning in its amendment.
The defendant testified that her gross pay was $275.00 per month, and from this is deducted: $38.60-withholding tax, $16.50-state retirement, $9.27-insurance (voluntary), $7.53-miscellaneous, thus leaving a net or take home pay of $203.10 per month. *92 She further testified that she receives $35.-00 per month from rental property. There was no testimony as to the value of this rental property, hut from the fact that defendant receives $35.00 per month as rent, we can surmise that the property is worth anywhere from $3,500.00 to $5,000.00.
The defendant computed her monthly expenses to be as follows: rent-$75.00, utilities-$20.00, food-$65.00, car expenses-$50.00, car insurance-$l-2.00, medicines-$10.00, clothes-$20.00, donations-$5.00, laundry-$15.00, maid service-$15.00, medical-$5.00, telephone-$8.00, income tax (tax due on income other than from employer) -$12.-00, and miscellaneous-$20.00. These expenses totaled $327.00.
As stated in the Fortier case, supra, the husband is not expected to support his wife with alimony payments in the same manner in which she had been accustomed to living, but only with an amount sufficient for her support.
In Smith v. Smith, 217 La. 646, 47 So.2d 32, 35 (1950) the Supreme Court defined the word “maintenance”, which we have heretofore concluded means the same as “support”, to mean “primarily food, shelter and clothing”. See also — Rabun v. Rabun, supra and Fruehan v. Fruehan, supra.
In Brown v. Harris, supra, the wife was earning $150.00 per month and had $6,600.00 in a building and loan association which earned dividends at 3% per annum, or $16.50 a month, and the Court ruled in favor of the husband in terminating the alimony payments.
We feel that the defendant has over-estimated her monthly expenses, and if said expenses were reduced to a reasonable level, she could manage on her income and rental. She has a monthly take home pay of $203.10 plus $35.00 per month in rental and a piece of property worth approximately $3,500.00 to $5,000.00. She may not be able to live in the manner in which she would like, but she should be able to support herself. We feel that in dismissing the rule and refusing to terminate the alimony payments, the Trial Judge has abused his discretion.
For the reasons assigned, it is ordered that the judgment appealed from dismissing the rule be reversed and set aside, and that the rule instituted by the plaintiff-appellant, be made absolute; appellant and appellee each to pay one-half of the costs of this proceeding.
Judgment reversed.