357 So.2d 1334 (1978)
Dorothy Simkin STOLIER
v.
Bert STOLIER.
No. 8708.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1978.
Rehearing Denied May 10, 1978.
Writ Refused June 9, 1978.
*1335 Zelden & Zelden, Max Zelden, New Orleans, for Dorothy Simkin Stolier, plaintiff-appellant.
Rudman & Howard, Lawrence D. Rudman, New Orleans, for Bert W. Stolier, defendant-appellant.
Before GULOTTA, BEER and BOWES, JJ.
BOWES, Judge.
Plaintiff, Dorothy Simkin Stolier, obtained a judicial separation from her husband, Bert Stolier, on the ground of abandonment. The judgment of separation granted custody of the minor child to the mother and condemned the father to pay one-third of each monthly pay check as child support and alimony pendente lite.
Later, on November 23, 1971, on the ground of no reconciliation, the husband obtained a divorce. In accordance with an agreement between the parties, that judgment declared the wife was without fault in the separation and awarded her permanent custody of the minor. By consent and agreement among the parties, that judgment also provided for permanent alimony and child support in an amount equal to one-third of the husband's monthly income, after taxes, until such time as the minor child reached the age of majority, at which time the alimony was to be reduced to a sum to equal 28% of the plaintiff's monthly income "from all sources, after taxes". Following the divorce, the husband remarried and the child is now no longer a minor.
Mr. Stolier, a commissioned salesman with earnings of $60,000 per year, made payments from 1971 to October, 1975, totaling approximately $82,000. He discontinued *1336 payments following an operation which left him apparently totally disabled.
After receiving no payments for several months, the wife filed a rule for contempt and the husband thereafter filed a rule to terminate or, alternatively, to reduce the alimony. The rules were consolidated for trial and judgment was rendered purging the husband of contempt, superceding all agreements between the parties relative to alimony, and ordering Mr. Stolier to pay his former wife $175 per month beginning July 1, 1976. Both parties have appealed.
In this court Mrs. Stolier contends: (1) consent to the payment of alimony is a judicial admission of the wife's necessitous circumstances and her right to receive alimony; (2) her former husband has failed to show a change of circumstances entitling him to modification of the alimony granted in the divorce decree; and (3) his second wife's income should be considered in determining the amount of the alimony award.
Mr. Stolier contends: (1) his former wife is not in necessitous circumstances, and thus not entitled to alimony, or, in that the alimony should be reduced to $175 per month, the amount finally awarded by the trial judge.
We agree that consent to the payment of alimony is a judicial admission of the wife's right to receive alimony and her necessitous circumstances.[1] The jurisprudence is also to the effect that judgments awarding alimony and support, including consent judgments such as the one here, are always subject to modification and may be adjusted at any time to meet the changing needs of the wife and the husband's ability to pay, or revoked entirely, if it becomes necessary, or if the wife remarries.[2]
It is obvious, therefore, that the wife's right to alimony is predicated on her not having income sufficient for her maintenance.[3]
The uncontradicted evidence shows that the former Mrs. Stolier is a part-time secretary to a doctor. She earns $406.77 per month or $94.42 per week. She was earning $70 per week at the time of the consent judgment of 28% of all the husband's income after taxes in November, 1971. She also has $1,800 per year interest from securities and savings (the equivalent of approximately $150 per month). These figures translate into an annual income of approximately $6,685 per year now as compared to $3,640 per year in 1971. In addition thereto, she has $29,000 in municipal bonds. It is not clear from the record whether the tax free income from these bonds is included in the $1,800 per year she receives. We assume it is since such income from bonds is normally called "interest", $4,125 on deposit in a homestead, and $255 in a checking account.
The husband receives the sum of $18,000 per year from his disability insurance which we hold constitutes "income" within the purview of the consent judgment of November 3, 1971, $502 interest on savings accounts, and one-half of $4,355 interest per year or approximately $2,177, from a corporation in which his present wife has an interest, according to their joint tax returns, all of which items we also hold constitute "income" to the husband. Imprimis, we hold that in determining the husband's property and earnings, income from all sources, including that of the second wife should be taken into consideration.[4] His present wife owns, or has an interest in, and derives income from a business known as Swenson's Ice Cream. Corporate 1975 federal tax returns indicate the firm operated at a loss in that year. However, $10,843 of that loss is represented by a bookkeeping entry for depreciation. If one-half *1337 of this is added back, the husband has an additional $5,000 in "income from all sources". Thus, it appears that the husband's present annual income amounts to a figure of either $20,679 or $25,679, depending upon the accounting point of view. The husband itemized his living expenses at $1,593.50 per month.
For the court to alter an alimony agreement established by a consent judgment, or otherwise, the party seeking modification must show a change in circumstances of either party from the time of the award to the time of trial of the alimony rule.[5]
The wife contends that the award of 28% granted in the divorce decree takes into consideration changing circumstances. (In passing, we note that C.C. Art. 160 permits the court to award an amount not to exceed one-third of the husband's income.) While it is true the 28% is flexible, and does take into consideration changing circumstances of the husband, it is still subject to modification by the court on the basis of fairness and equity and in accordance with the changing situations of the parties as seen by the court.
We are of the opinion that the husband has proven a change in circumstances. He has shown that his income from all sources has dropped from some $60,000 per year to $20,679 or $25,679 per year and his health from that of a healthy substantial wage earner to that of complete disablement, or practically so. He has also shown that his former wife's income has risen from $3,640 to $6,685 per year.
However, $1,800 of the wife's income is composed of interest from investments arising from her frugality in saving funds received from the community property settlement and the past alimony payments, which are rightfully hers by virtue of the marriage and the original consent judgment and by astutely investing these funds. In O'Brien v. O'Brien, 308 So.2d 333, 336, La.App., (1975), our brothers of the First Circuit Court of Appeal held, under relatively similar circumstances "[that] to punish her for this prudent handling of her affairs would be unjust."
We feel that the same rule should apply here and thus $1,800 of the increase in the wife's income should not be considered in judging the husband's rule to decrease.
We are aware that the record is bare with regard to the wife's expenses at this time. If the wife chose not to present evidence in this regard, we can only assume that her expenses have not substantially increased since 1971, or surely she would have been forcefully alleging same. She must bear the consequence of such lack of evidence as, surely, it is not up to the trial judge to demand same.
Conversely, if the wife offered no evidence regarding her expenses, it was surely the burden of the husband to question her, or show by other evidence, that her expenses had decreased if such were his contention. He failed to do so and is bound by his original judicial admission of her right to permanent alimony by the 1971 consent judgment.
However, we do not feel that the lack of such evidence prevents us from deciding the case without remanding it. We are still faced with the evidence that the husband's income has decreased from $60,000 to approximately $20,000 or $25,000 per year while the wife's income has increased moderately. The husband was paying the wife 28% of $60,000 after taxes. The record does not reveal the exact amount but the sum was obviously equal to $15,000 per year, less taxes, or $1,250 per month less taxesand the alimony itself was deductible. He would have us terminate all alimony to the wife, or affirm the trial court's award of $175 per month, and the wife would have us leave, without disturbance, the original agreement of 28% of all income, less taxes.
We do not agree with either contention, but we do feel some decrease is merited under the circumstances. Considering all the factors, we feel the alimony should be *1338 reduced to $350 per month, which amounts to approximately 18.5% of an average annual income of $22,500. Obviously, we are unable to compute the taxes of this amount. The reduced alimony is to date from June 11, 1976, when the rule to decrease was filed.
In addition, the wife is entitled to 28% of all of those items which we have classified hereinabove as "income" from January 1, 1976 to June 11, 1976, in accordance with the original consent judgment dated November 3, 1971.
For the reasons assigned, the judgment of the Civil District Court for the Parish of Orleans is amended and affirmed in part and recast in part as follows:
It is ordered, adjudged and decreed that Bert W. Stolier be and he is hereby condemned to pay back-due alimony to Dorothy Simkin Stolier in an amount equal to 28% of plaintiff's income from all sources from January 1, 1976 to June 11, 1976, and alimony in the sum of $350 per month thereafter. The amount of past due alimony, that is the amount due from January 1, 1976 to the date of this decree shall bear interest at the legal rate. In all other respects, the judgment appealed from is affirmed. All costs of these proceedings are taxed against Bert W. Stolier.
AMENDED & AFFIRMED IN PART; RECAST IN PART.
NOTES
[1] Bernhardt v. Bernhardt, La., 283 So.2d 226.
[2] Ward v. Ward, La., 339 So.2d 839; Smith v. Smith, 217 La. 646, 47 So.2d 32; Russo v. Russo, 208 La. 17, 22 So.2d 671; Slagle v. Slagle, 205 La. 694, 17 So.2d 923; Scott v. Scott, 197 La. 726, 2 So.2d 193.
[3] Abbott v. Abbott, 199 La. 65, 5 So.2d 504; Jackson v. Burns, 112 La. 854, 36 So. 756.
[4] Houghton v. Hall, 177 La. 237, 148 So.37; Swider v. Swider, La.App., 314 So.2d 372; LSA-C.C. Art. 2334.
[5] Ducote v. Ducote, La., 339 So.2d 835; Swider v. Swider, supra, note 4.