GEORGE W. WILSON and Another v. LILLIE J. WILSON.[1]

February 11, 1897.

Nos. 10,261—(204).

**Divorce—Alimony—Aggregate Allowance.**

Under G. S. 1894, § 4807, the aggregate award and allowance made to the wife from the estate of her husband in actions for divorce cannot in any case exceed in present value the one-third part of the personal estate of the husband and the value of her dower in his real estate: and, in estimating the value of this estate, the husband's income from professional services cannot be considered.

Appeal by plaintiffs from a judgment of the district court for Nobles county in favor of defendant, entered in pursuance of the findings and order of P. E. Brown, J. Modified.

*L. S. Nelson, C. M. Crandall,* and *George W. Wilson & Son,* for appellants.

*Adler C. Clausen,* for respondent.

BUCK, J. On January 2, 1895, George W. Wilson, one of the plaintiffs, brought an action against his wife, the defendant Lillie J. Wilson, for divorce, upon the ground of willful desertion. The wife answered, denying desertion of her husband, and in her answer also alleged various statutory grounds for divorce as against her husband, and she also asked affirmative relief in this: that she be granted a divorce from her husband, and that she be allowed alimony and a share of her husband's property. The answer also charged the plaintiff with having conveyed a large amount of his property to Edwin C. Wilson, his son by a former marriage, and that he had also furnished the consideration for a large amount of property standing in Edwin C. Wilson's name, but which was colorable and apparent,

[1] Reported in 70 N. W. 154.

and not in fact his property, and that the same was held for the use and benefit of her husband, and that such transactions were done for the purpose of defrauding this defendant, both as a creditor and as the wife of George W. Wilson. The plaintiff Edwin C. Wilson, after the service of the answer, was made a party to the action. The cause was tried in three sections, viz.: (1) As to who was entitled to a divorce; (2) as to dealing between the parties; (3) as to the amount of alimony, if any, which should be awarded to the defendant, and what amount, if any, of defendant's money, should be restored to her as due from George W. Wilson, and what sum per month should be allowed defendant for the support of two minor children, issue of said marriage.

It appeared that the parties were residents of Nobles county, in this state; that plaintiff was 50 years old; that defendant was 35 years old; that they were married on April 24, 1875; that the issue of said marriage was Irma Wilson, born November 8, 1878, and Blanche Wilson, born July 20, 1880. Edwin C. Wilson, a son of George W. Wilson by a previous marriage, was 24 years old at the time of the trial of this action.

Upon the trial of the first section of the case, without a jury, the court found that plaintiff was not entitled to a decree of divorce, and plaintiff George W. Wilson then conceded that defendant was entitled to a decree of divorce against him, upon the ground of desertion. A jury was then impaneled to try the second section of the case, and, after trial had, the jury returned a verdict that George W. Wilson has received moneys of the defendant amounting to $2,800, and that he had paid her all except a note of $312.60, and there had been paid upon said note $360, including interest. After trial of the third section of the case, the court, in its findings of fact, adopted the verdict of the jury as its own, and found other facts, and ordered a decree of divorce on behalf of defendant, with certain other relief, which will be subsequently referred to in this opinion.

The note of $312.60, referred to by the jury, was dated December 10, 1879, made in the state of Kansas, and upon its face does not purport to draw interest; but plaintiff, in his reply, alleges that it was to draw interest from its date, at the rate of 12 per cent. per annum. It did not appear what was the legal rate of interest in the state of Kansas at the time of making said note, and, upon the evi-

dence of payments and the time of making the same, the trial court found that there was still due from the plaintiff George W. Wilson to the defendant, for moneys belonging to her, and intrusted to him by her since their marriage, and before the bringing of this action, the sum of $286.99. The evidence upon this matter is not of such character as to justify us in holding that it was error for the trial court so to find, and we refuse to disturb its finding upon this point.

Other findings of fact by the trial court are as follows:

"(6) The plaintiff George W. Wilson was at the time of the bringing of this action, and at the time of its trial, and is now, the owner of the following described tracts of land, with others: Lots 20, 21, and 22 in block 18 in the village of Worthington, in said county and state, the legal title to which is in George W. Wilson. Lots 9, 10, 11, 12, 13, and 14 in block 2 in Butler's addition to the village of Ellsworth, in said county and state. An undivided one-half interest in the northwest quarter of section 14, town 105, range 38, and an undivided one-half interest in the northeast quarter of section 24, said town and range, both in Cottonwood county, said state. Lots 16 and 17 in block 18 in the said village of Worthington. The west half of the southeast quarter of section 10, town 103, range 40, said Nobles county. The legal title to all said tracts of land above described other than said lots 20, 21, and 22 is in said plaintiff Edwin C. Wilson, in trust for said George W. Wilson, the equitable title being in George W. Wilson; and said Edwin C. Wilson has no interest in the same whatever, as against this defendant, except as a naked trustee for said George W. Wilson. An equitable interest in lots 10 and 11 and an alley and a half, all in block 14, in said village of Worthington, the legal title to which tract is in the Minnesota Loan and Investment Company, and the equitable title in said Edwin C. Wilson; and said equitable title is held by said Edwin C. Wilson in trust for said George W. Wilson, in the same manner as the tract next hereinabove described, and, as against the defendant, said Edwin C. Wilson has no interest in the same. (7) Said George W. Wilson was at the time of the bringing of this action, at the time of its trial, the owner of property, real and personal, of the value of $7,722. (8) This defendant has no property, real, personal, or mixed, and is in ill health, and has been for many years last past. (9) The plaintiff George W. Wilson is an attorney at law, engaged in active practice, and has now, and for more than three years last past has had, an average annual income of upward of twenty-five hundred dollars per annum, over and above all expenses, except his and his family's personal expenses and living."

Conclusions of law:

"The defendant is entitled to judgment in this action that the bonds of matrimony heretofore existing between herself and plaintiff

George W. Wilson be dissolved to the same extent as if the same had never existed, and awarding to her the sole care, custody, and control of Irma and Blanche Wilson, the infant children of the parties; also, that she have judgment against said plaintiff George W. Wilson for the sum of $286.99, and the further sum of $75, both above mentioned; also, that she have judgment against the plaintiff George W. Wilson for the sum of $2,000, awarded her as alimony, out of his estate, the same to be payable in four instalments of five hundred dollars each, the first of said instalments to be payable on January 1, 1897, and the others on the first day of each succeeding January until paid, all to bear interest at seven per cent. per annum, provided that the same may be all paid at any time at the plaintiff George W. Wilson's option, said judgment for said two thousand dollars to be a specific lien on said lots 20, 21, and 22 in block 18 in the village of Worthington, in said county and state; also, that the plaintiff George W. Wilson pay to the defendant the further sum of three hundred and sixty dollars per annum, in instalments, one hundred and eighty dollars thereof payable on the first day of May and December of the present year, and of each year hereafter, which said sums are awarded defendant for her support and maintenance."

The plaintiffs challenge the sixth and seventh findings of fact by the trial court, upon the ground that they are unsupported by the evidence. The evidence is quite voluminous upon these matters, and we do not feel bound to insert in this opinion an analytical detailed statement of the testimony, which, in our opinion, fully sustains the finding of the court below. We have carefully perused all the evidence bearing upon the questions involved, and we fail to see how any other conclusion could have been reasonably formed than that of the trial court. This view of the case applies to all the questions of fact affecting either or both of the plaintiffs.

The most serious question relates to the amount of $360 per annum allowed by the trial court to defendant for her support, payable in semiannual instalments, indefinitely. The allowance of the $2,000 was clearly justified by the findings of the court and under the terms of the statute. In fact, the amount was considerably less than could have been legally allowed. George W. Wilson, at the time of the commencement of this action, and at the time of the trial, owned real and personal property of the value of $7,722; and, under the provisions of the statute, one-third of this amount should have been allowed defendant, and this could have been made payable in one entire sum, or in instalments, as was done by the trial court.

The court, however, evidently relying upon its power to make a further allowance to the wife, based upon the $2,500, annual income of the husband, awarded to her the sum of $360 per annum, payable semiannually, for an indefinite period, as above stated. We find no authority in the statute which sustains this award or allowance. It was not intended by the court to be allowed as to any part of the real or personal estate of the husband. The $2,000 was expressly awarded as alimony out of the husband's estate, but it is not stated out of what estate the $360 was to be taken, and we infer that it was to be taken from the husband's annual income. By G. S. 1894, § 4807, the court is authorized in every divorce for any cause, except adultery committed by the wife, to award and decree to the wife such alimony out of the estate of the husband as it may deem just and reasonable, having regard to the ability of the husband, and the character and situation of the parties, and all the other circumstances of the case, and may, by its decree, make the same a specific lien upon any specific parcel of real estate of the husband.

"But the aggregate award and allowance made to the wife from the estate of her husband, under the provisions of this section, shall not in any case exceed in present value the one-third part of the personal estate of the husband and the value of her dower in his real estate."

The limitation thus imposed by the statute seems to be mandatory, and its controlling effect is to restrain the court from awarding to the wife any more than one-third in present value of the husband's real and personal estate. There is some plausibility and much equity in the contention that where the husband has no real or personal estate, but has a large income from professional services or otherwise, he should not be permitted to live in luxury, and the wife permitted to starve, especially where he is the guilty party in compelling her to seek a divorce. But redress in this respect rests with the legislature, and not with the court. The legislature has, in terms, fixed the status of the rights of parties to divorce suits and the incidental rights as to property in such cases; and, as we find no authority permitting an allowance to the wife beyond that mentioned in the statute above referred to, the judgment of the court below must be modified, and the award of the sum of $360 disallowed.

The trial court will therefore modify the judgment therein rendered in this case, by striking therefrom the provision allowing the

defendant the sum of $360, payable in semiannual instalments. In all other respects the judgment is affirmed. No statutory costs allowed the appellants.