ANA FRÍAS-MANDRI, Plaintiff and Appellee, v. ISIDORO HERNÁNDEZ, Defendant and Appellant.

No. 3892. Argued June 8, 1926.—Decided July 9, 1926.

Antonio L. López for the appellant.   González Fagundo and González, Jr., for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

After having obtained a final judgment of divorce Ana Frías Mandri, alleging that she had no property or means of support, brought proceedings against her divorced husband for an amount sufficient for her maintenance. The case was brought to trial and after the evidence of both parties was heard the lower court rendered judgment that the defendant pay to the plaintiff as alimony the sum of $25 monthly.

The defendant appealed and in his brief assigned the following errors:

"First.—The lower court erred in improperly applying section 168 instead of section 177 of the Civil Code.

"Second.—The lower court erred in erroneously weighing the evidence to the prejudice of the appellant."

Both parties agree that the defendant has no real or personal property and that his sole income consists of his

salary as postmaster and tax collector in Gurabo. The lower court found that from his income amounting to $135 monthly he gave $15 to a son living with the plaintiff.

Based on that fact and on section 177 of the Civil Code, the defendant contends that he is under no obligation to support his former wife.

There is no doubt that the law applicable to this case is the Spanish text of section 177 of the Civil Code. It reads as follows:

"*Art. 177.—Si la mujer que ha obtenido el divorcio no cuenta con suficientes medios para vivir, la corte de distrito puede asignarle alimentos discrecionales de los bienes que sean de la propiedad del marido, sin que pueda exceder la pensión alimenticia de la tercera parte de la renta de aquéllos.*

"*La pensión alimenticia será revocada si llegase a hacerse innecesaria, o cuando la mujer divorciada contrajese segundo matrimonio.*"

The English text reads as follows:

"Sec. 177.—If the divorced wife, in whose favor judgment was rendered, has not sufficient means of subsistence, the district court may allow her, in its discretion, an alimony out of the property of her divorced husband, which alimony shall not exceed one-third of his income.

"The alimony shall be revoked if it shall become unnecessary, or if the divorced wife contracts a second marriage."

The trial court based its judgment solely on the holding of this court in the case of *Betancourt* v. *Larregui,* 27 P.R.R. 558.. In so far as pertinent the opinion in that case, delivered by Mr. Justice Aldrey, reads:

"The provisions of section 168 of the Civil Code that the sum to be paid to the wife by the husband for her separate maintenance shall be in proportion to his property does not limit that obligation to a case where the husband may have separate property of his own, as maintained by the appellant, for, according to section 324 of the same code, the word 'property' is applicable in general to anything of which riches or fortune may consist; therefore within this definition is included the salary or wages received by a person

for his work. Besides, the English text of said section 168 reads that the amount shall be in proportion to the husband's means."

But the appellant contends that only section 168 was construed in the said case and that section 177 differs from it not only because it contemplates different facts, but also because its wording is not the same. And that is true, inasmuch as the first case is that of temporary relief allowed while the action for divorce is pending, whereas the second, is that of permanent relief after the divorce is finally adjudged. The difference between the two sections is that while the former provides that the alimony shall be fixed in proportion to the means of the husband, without specifying the nature of his means, the latter provides that the court may allow her alimony out of the property of her husband which shall not exceed one-third of the income therefrom, and that is still clearer from the English text which says "out of the property of her divorced husband."

The appellant cites no jurisprudence in support of his contention, but his contention is sustained by the jurisprudence established in the states having statutes equal or similar to ours.

Sections 148 and 160 of the Civil Code of Louisiana are as follows:

"Art. 148.—If the wife has not a sufficient income for her maintenance, during the suit for separation, the judge shall allow her a sum for her support proportioned to the means of the husband," etc.

"Art. 160.—If the wife, who has obtained the divorce, has not sufficient means for her maintenance, the court may allow her, in its discretion, out of the property of her husband, alimony, which shall not exceed one-third of his income. This alimony shall be revocable in case it should become unnecessary and in case the wife should contract a second marriage."

And in the case of *Jackson* v. *Burns,* 116 La. 695, the Supreme Court of Louisiana construed the said sections as follows:

"Alimony can be allowed to the wife after she obtains a divorce, under Civil Code, art. 160, only from the property, and not in excess of one-third of the income, of the husband. The word 'property', as used in the article, does not mean earning capacity, nor does the word 'income' mean current earnings, resulting from labor."

In the case of *Wilson* v. *Wilson,* 67 Minn. 444, 448, the Supreme Court of Minnesota said:

"By G. S. 1894, section 4807, the court is authorized in every divorce for any cause, except adultery committed by the wife, to award and decree to the wife such alimony out of the estate of the husband as it may deem just and reasonable, having regard to the ability of the husband, and the character and situation of the parties, and all the other circumstances of the case, and may, by its decree, make the same a specific lien upon any specific parcel of real estate of the husband.

"But the aggregate award and allowance made to the wife from the estate of her husband, under the provisions of this section, shall not in any case exceed in present value the one-third part of the personal estate of the husband and the value of her dower in his real estate.

"The limitation thus imposed by the statute seems to be mandatory, and its controlling effect is to restrain the court from awarding to the wife any more than one-third in present value of the husband's real and personal estate. There is some plausibility and much equity in the contention that where the husband has no real or personal estate, but has a large income from professional services or otherwise, he should not be permitted to live in luxury, and the wife permitted to starve, especially where he is the guilty party in compelling her to seek a divorce. But redress in this respect rests with the legislature, and not with the court. The legislature has, in terms, fixed the status of the rights of parties to divorce suits and the incidental rights as to property in such cases; and, as we find no authority permitting an allowance to the wife beyond that mentioned in the statute above referred to, the judgment of the court below must be modified, and the award of the sum of $360 disallowed."

In view of the applicable statutes and jurisprudence the reversal of the judgment appealed from and the dismissal of the complaint follow, without special imposition of costs.