Ana Frías Mandri, demandante y apelada, *v.* Isidoro Hernández, demandado y apelante.

No. 3892.—*Visto:* Junio 8, 1926... *Resuelto:* Julio 9, 1926.

Divorcio—Pensión Alimenticia *(Alimony)*, Concesiones *(Allowances)* y Disposición de la Propiedad—Alimentos Permanentes—Preceptos Estatutorios—Interpretación.—En este caso se interpreta el artículo 177 del Código Civil en el sentido de que los alimentos a la mujer divorciada sólo pueden asignarse cuando concurriendo las otras circunstancias exigidas por la ley el que fué su marido tenga bienes, no significando la palabra bienes capacidad para ganar ni la palabra rentas las ganancias corrientes que resulten del trabajo.

Sentencia de *Gabriel Castejón,* J. (Guayama), condenando al demandado a entregar a la demandante, por vía de alimentos, una cantidad mensual determinada, con costas. *Revocada,* desestimándose la demanda, sin costas.

*Antonio L. López,* abogado del apelante; *González Fagundo & González Jr.,* abogados de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Ana Frías Mandri obtuvo sentencia a su favor en un pleito de divorcio, que quedó firme. Así las cosas, alegando que carecía en absoluto de bienes de fortuna y medios económicos para poder alimentarse, reclamó de su antiguo esposo por la vía judicial la cantidad necesaria para sostenerse. Fué el pleito a juicio y oída la prueba de ambas partes, la corte dictó sentencia condenando al demandado a satisfacer a la demandante como alimentos la suma de veinte y cinco dólares mensuales.

No conforme el demandado apeló, señalando en su alegato dos errores cometidos a su juicio por la corte sentenciadora así:

"'Primero: Aplicó indebidamente el artículo 168 del Código Civil en vez del 177 del mismo cuerpo legal, que debió regir el presente caso.

"Segundo: Apreció erróneamente en perjuicio del apelante la evidencia aportada al juicio."

Ambas partes están conformes en que el demandado carece de bienes muebles o inmuebles y en que su única entrada consiste en los sueldos de administrador de correos y colector de rentas del pueblo de Gurabo que según los hechos declarados probados por la corte sentenciadora, ascienden en junto a $135 al mes, de los cuales pasa quince para alimentos de un hijo que vive con la demandante.

Basado en ello y en el texto del artículo 177 del Código Civil, sostiene el demandado que no está obligado a alimentar a la que fué su esposa.

El texto castellano del artículo 177, que no hay duda alguna que es el precepto de la ley aplicable a este caso, dice:

"Art. 177.—Si la mujer que ha obtenido el divorcio no cuenta con suficientes medios para vivir, la corte de distrito puede asignarle alimentos discrecionales de los bienes que sean de la propiedad del marido, sin que pueda exceder la pensión alimenticia de la tercera parte de la renta de aquéllos.

"La pensión alimenticia será revocada si llegase a hacerse innecesaria, o cuando la mujer divorciada contrajese segundo matrimonio."

Y su texto inglés lee como sigue:

"Sec. 177.—If the divorced wife, in whose favor judgment was rendered, has not sufficient means of subsistence, the district court may allow her, in its discretion, an alimony out of the property of her divorced husband, which alimony shall not exceed one-third of his income.

"The alimony shall be revoked if it shall become unnecessary, or if the divorced wife contracts a second marriage."

La corte sentenciadora basó enteramente su fallo en la decisión de esta Corte Suprema en el caso de *Betancourt* v. *Larregui,* 27 D.P.R. 606. En lo pertinente, la opinión de

esta corte emitida por el Juez Asociado Sr. Aldrey lee como sigue:

"Al disponer el artículo 168 del Código Civil que la pensión que a la mujer haya de pasar el marido sea en proporción a los bienes de éste, no ha limitado tal obligación al caso en que el marido tenga bienes propios suyos, como sostiene el apelante, pues la palabra 'bienes', según dice el artículo 324 del mismo Código, es aplicable en general a cualquier cosa que pueda constituir riqueza o fortuna, y, por tanto, dentro de ese concepto están comprendidos los salarios o sueldos que una persona gana por su trabajo. Además, en el texto en inglés del artículo 168 citado se dice que la cantidad será en proporción a los recursos (means) del marido."

Pero el apelante sostiene que dicha decisión sólo interpreta el artículo 168 y que el 177 es distinto, no sólo porque regula una situación diferente, si que también y especialmente porque sus términos son distintos. Y así es en efecto, ya que en el primer caso se trata de una medida transitoria que se toma cuando aún subsiste el matrimonio y en el segundo se trata de una medida que puede resultar definitiva tomada después de roto el vínculo y disuelto en absoluto el matrimonio y ya que existe verdadera diferencia entre el texto de ambos artículos pues mientras en el primero se dice que la pensión alimenticia se fijará en proporción a los bienes del esposo sin especificar la naturaleza de los bienes, en el segundo se expresa: "de los bienes que sean de la propiedad del marido, sin que pueda exceder la pensión alimenticia de la tercera parte de la renta de aquéllos," siendo aún más claro el texto inglés al decir "*out of the property of her divorced husband.*"

No cita el apelante jurisprudencia alguna en apoyo de su contención pero del estudio que hemos hecho hemos encontrado que en los estados en que existen preceptos de ley iguales o similares al nuestro, las decisiones le son favorables.

En Louisiana los artículos 148 y 160 del Código Civil, leen como sigue:

"Art. 148.—Si la mujer no contase con suficientes rentas para vivir durante el juicio de divorcio, el juez le asignará para su sostenimiento una suma en proporción a los medios del marido," etc.

"Art. 160.—Si la mujer que ha obtenido el divorcio no cuenta con suficientes medios para vivir, la corte puede asignarle, en su discreción, de los bienes pertenecientes al marido, una pensión alimenticia que no excederá de la tercera parte de las rentas de éste. Dicha pensión podrá ser revocada de hacerse innecesaria, y también en caso de que la mujer contraiga segundo matrimonio."

E interpretándolos en el caso de *Jackson* v. *Burns*, 116 La. 695, la Corte Suprema del estado estableció la siguiente doctrina:

"De acuerdo con el artículo 160 del Código Civil, a la mujer que ha obtenido el divorcio sólo pueden concedérsele alimentos de los bienes pertenecientes al marido y nunca en exceso de la tercera parte de las rentas de éste. La palabra 'bienes' tal como se emplea en dicho artículo no significa capacidad para ganar dinero, ni tampoco la palabra 'rentas' denota las ganancias corrientes que resultan del trabajo."

Y en Minnesota la Corte Suprema del estado en el caso de *Wilson* v. *Wilson*, 67 Minn. 444, 448, se expresó así:

"Por el artículo 4807 de los Estatutos Generales de 1894 la corte está autorizada en todos los divorcios por cualquier causa excepto el adulterio de la mujer, a asignar y conceder a la misma, de los bienes del marido, aquella pensión alimenticia que estime justa y razonable, teniendo en consideración la capacidad del marido para darla, el carácter y situación de las partes y todas las demás circunstancias del caso, y puede en su propia orden hacer de dicha pensión una carga específica sobre cualquier propiedad real del marido.

" 'Pero la asignación total hecha en favor de la mujer, de los bienes del marido, bajo las disposiciones de este artículo, en ningún caso excederá, en valor actual, de una tercera parte de los bienes muebles del marido y del valor de su viudedad.'

"La limitación así impuesta por el estatuto parece ser mandatoria, y su efecto morigerador es impedir a la corte el conceder a la mujer más de la tercera parte del valor presente de los bienes muebles e inmuebles del marido. Es muy plausible y también muy justa la contención de que cuando el marido carece de bienes mue-

bles e inmuebles pero tiene entradas de consideración por sus servicios profesionales o por otra causa, no debe permitírsele vivir lujosamente mientras su mujer padece hambre, especialmente cuando él es el culpable de que ella se viera obligada a solicitar el divorcio. Pero el remedio de esta situación está en las manos de la Legislatura y no de la corte. La legislatura ha fijado en términos precisos el status de los derechos de las partes en pleitos de divorcio y de los derechos incidentales sobre propiedad en tales casos; y como no encontramos autoridad que permita conceder a la mujer más de lo fijado en el estatuto de referencia, la sentencia de la corte inferior debe ser modificada y dejada sin efecto la asignación de $360.''

Vista la ley y la jurisprudencia aplicables, nos vemos obligados a declarar *con lugar el recurso y en su consecuencia a revocar la sentencia apelada y a desestimar la demanda, sin especial condenación de costas.*