FRANCISCO G. PLANAS, Plaintiff and Appellee, v. ANNA CHAMBERS, Defendant and Appellant.

No. 8804.   Argued June 2, 1944.—Decided July 28, 1944.

*José Otero Suro* and *Henri G. Molina,* for appellant.   *Arturo Ortiz Toro* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

Francisco G. Planas brought an action of divorce against Anna Chambers, and alleged as a ground therefor the complete and absolute separation of both spouses during the term fixed by subdivision 9 of § 96 of the Civil Code (1930 ed.), as amended by Act No. 62 of April 29, 1942.

On April 28, 1943 the District Court of San Juan rendered judgment granting the complaint. Feeling aggrieved by this judgment, the defendant brought the present appeal. In support thereof she alleges that the lower court committed error in not allowing the defendant alimony proportionate to the condition and fortunes of the husband.

Before entering into a consideration of the only legal question involved herein, we must state that the following are the facts admitted by both parties: that there are no conjugal properties; that plaintiff Planas has no properties which yield any rent or income; and that his income consists exclusively of his salary from Warner Brothers, First National South Films, Inc., amounting to $95 weekly.

Is the husband who obtains a divorce decree on the ground of separation during the statutory period bound to pay alimony to his ex-wife, even though he has no properties from which he receives any rent or income?

Section 109 of the Civil Code, 1930 ed., reads as follows:

"If the divorced wife, in whose favor judgment was rendered, has not sufficient means of subsistence, the district court may allow her, in its discretion, an alimony out of the property of her divorced husband, which alimony shall not exceed one-third of his income."

According to said Section, there must exist two conditions on which the district court may, in its discretion, allow the divorced wife alimony: (a) if the divorced wife obtained judgment in her favor; and (b) if the husband has property yielding rents or profits.

In the case at bar the complaint was filed by the husband and judgment was rendered in his favor. A strict construction of the statute would not entitle the defendant and appellant to alimony, nor would the court have power to grant it, inasmuch as she did not obtain judgment in her favor.

Appellant argues that inasmuch as the complaint was based on the ground of separation of both spouses (§ 96 of the Civil Code, as amended by Act No. 46 of May 9, 1933, and by Act No. 62 of April 29, 1942), and it being provided by said Acts that "the woman . . . shall always be considered as the innocent spouse with all the rights inherent in such condition following divorce," the lower court erred in not holding that she, as the innocent spouse, had the inherent right to alimony.

Assuming, without deciding, since it is unnecessary for the decision of this appeal, that the wife as in the case at bar is entitled to alimony which shall not exceed one-third of the income produced by the husband's property, the error, if any, has not proved harmful to the appellant and therefore would not cause the reversal of the judgment appealed from, since the husband has no property yielding rents.

Section 89 of the Civil Code (1930 ed.) invoked by the appellant, wherein it is provided that "the husband shall protect his wife and satisfy her needs in proportion to his condition and fortune," is not applicable to the situation involved in the case at bar. That Section, the purpose of which is to define and regulate the rights and duties between husband and wife, is not applicable after marriage has been definitely dissolved. The applicable Section herein is § 109, *supra*. It was thus held by this court in *Frías* v. *Hernández*, 35 P.R.R. 636.

This court, in *Frías* v. *Hernández*, *supra*, considered the same question involved herein and decided it against the contentions of the appellant herein, saying:

"And in the case of *Jackson* v. *Burns,* 116 La. 695, the Supreme Court of Louisiana construed the said sections as follows:

" 'Alimony can be allowed to the wife after she obtains a divorce, under Civil Code, art. 160, only from the property, and not in excess of one-third of the income, of the husband. The word 'property' as used in the article, does not mean earning capacity, nor does the word 'income' mean current earnings, resulting from labor.' "

"In the case of *Wilson* v. *Wilson,* 67 Minn. 444, 448, the Supreme Court of Minnesota said:

" 'By G. S. 1894, section 4807, the court is authorized in every divorce for any cause, except adultery committed by the wife, to award and decree to the wife, such alimony out of the estate of the husband as it may deem just and reasonable, having regard to the ability of the husband, and the character and situation of the parties, and all the other circumstances of the case, and may, by its decree, make the same a specific lien upon any specific parcel of real estate of the husband.

" 'But the aggregate award and allowance made to the wife from the estate of her husband, under the provisions of this section, shall not in any case exceed in present value the one-third part of the personal estate of the husband and the value of her dower in his real estate.

" 'The limitation thus imposed by the statute seems to be mandatory, and its controlling effect is to restrain the court from awarding to the wife any more than one-third in present value of the husband's real and personal estate. There is some plausibility and much equity in the contention that where the husband has no real or personal estate, but has a large income from professional services or otherwise, he should not be permitted to live in luxury, and the wife permitted to starve, especially where he is the guilty party in compelling her to seek a divorce. But redress in this respect rests with the legislature, and not with the court. The legislature has, in terms, fixed the status of the rights of parties to divorce suits and the incidental rights as to property in such cases; and, as we find no authority permitting an allowance to the wife beyond that mentioned in the statute above referred to, the judgment of the court below must be modified, and the award of the sum of $360 disallowed.' "

For the foregoing reasons the judgment appealed from is affirmed.