Francisco G. Planas, demandante y apelado, *v.* Anna
Chambers, demandada y apelante.

Núm. 8804.—*Sometido:* Junio 2, 1944. *Resuelto:* Julio 28, 1944.

*José Otero Suro* y *Henri G. Molina,* abogados de la apelante; *Arturo
Ortiz Toro,* abogado del apelado.

El Juez Presidente Señor Travieso emitió la opinión del
tribunal.

Francisco G. Planas entabló demanda de divorcio contra
su esposa Anna Chambers, alegando como causal la separa-
ción completa y absoluta de ambos cónyuges durante el tér-
mino fijado por el artículo 96, inciso 9 del Código Civil (ed.
1930), enmendado por la Ley núm. 62 de abril 29 de 1942 ((1)
pág. 583).

En abril 28, 1943 la Corte de Distrito de San Juan dictó
sentencia declarando con lugar la demanda. No estuvo con-
forme la demandada y estableció el presente recurso. Para
sostenerlo alega que la corte inferior incurrió en error al no
conceder a la demandada una pensión alimenticia en propor-
ción a su condición y medios de fortuna.

Antes de proceder a considerar la única cuestión legal en-
vuelta en este recurso, debemos hacer constar que son hechos
admitidos por ambas partes que no existen bienes ganancia-
les; que el demandante Planas no tiene propiedades que le
produzcan rentas o ingresos de clase alguna; y que sus in-

gresos consisten exclusivamente del sueldo que percibe de Warner Brothers, First National South Films, Inc., ascendente a $95 semanales.

■■ ¿Está obligado el marido que obtiene sentencia de divorcio por la causal de separación durante el período estatutario, a pagar una pensión alimenticia a la que fué su esposa, aun cuando carezca de bienes que le produzcan rentas o ingresos de alguna clase?

El artículo 109 del Código Civil, edición de 1930, lee así:

"Si la mujer que ha obtenido el divorcio no cuenta con suficientes medios para vivir, la corte de distrito puede asignarle alimentos discrecionales de los bienes que sean de la propiedad del marido, sin que pueda exceder la pensión alimenticia de la tercera parte de la renta de aquéllos."

De acuerdo con dicho artículo, son dos las condiciones que deben existir para que la corte de distrito pueda, en uso de su discreción, conceder a la esposa divorciada una pensión alimenticia: (a) que haya sido la mujer la que obtuvo el divorcio; y (b) que el marido tenga bienes de su propiedad que le producen rentas o beneficios.

En el caso de autos, la demanda fué interpuesta por el marido y la sentencia dictada a su favor. Una interpretación estricta del estatuto no daría a la demandada y apelante el derecho a reclamar una pensión, ni a la corte facultad para concedérsela, por no haber sido ella la que obtuviera sentencia a su favor.

Arguye la apelante, que habiéndose basado la demanda en la causal de separación de ambos cónyuges (artículo 96 del Código Civil, enmendado por la Ley núm. 46 de mayo 9, 1933 [Leyes de 1932–33, pág. 305] y por la Ley núm. 62 de abril 29, 1942) y disponiéndose por dichas leyes que "siempre se considerará como cónyuge inocente a la mujer con todos los derechos inherentes a tal condición como consecuencia del divorcio", la corte inferior erró al no resolver que ella como

cónyuge inocente tiene un derecho inherente a que se le conceda una pensión alimenticia.

Asumiendo, sin resolverlo por ser innecesario para la decisión del presente recurso, que la esposa en un caso como el de autos tenga derecho a reclamar una pensión alimenticia que no podrá exceder de la tercera parte de las rentas producidas por los bienes propiedad del marido, el error, si alguno se hubiere cometido, en nada ha podido perjudicar a la apelante, y no causaría por tanto la revocación de la sentencia recurrida, por carecer el marido de bienes que le produzcan rentas.

El artículo 89 del Código Civil (ed. 1930) citado por la apelante, por el que se dispone que "el marido debe proteger a la mujer y satisfacer sus necesidades en proporción a su condición y medios de fortuna", no es de aplicación a una situación como la que nos presenta el caso de autos. Ese artículo, cuyo propósito es definir y regular los derechos y obligaciones entre marido y mujer, no es aplicable cuando el vínculo matrimonial ha quedado definitivamente disuelto. El artículo aplicable es el 109, supra. Así lo resolvió esta Corte Suprema en *Frías* v. *Hernández,* 35 D.P.R. 696.

Esta Corte Suprema, en *Frías* v. *Hernández,* supra, tuvo ante sí la misma cuestión aquí envuelta y al resolverla en contra de las contenciones de la aquí apelante, se expresó así:

". . . en el caso de *Jackson* v. *Burns,* 116 La. 695, la Corte Suprema del estado estableció la siguiente doctrina:

" 'De acuerdo con el artículo 160 del Código Civil, a la mujer que ha obtenido el divorcio sólo pueden concedérsele alimentos de los bienes pertenecientes al marido y nunca en exceso de la tercera parte de las rentas de éste. La palabra "bienes" tal como se emplea en dicho artículo no significa capacidad para ganar dinero, ni tampoco la palabra "rentas" denota las ganancias corrientes que resultan del trabajo.'

"Y en Minnesota la Corte Suprema del estado en el caso de *Wilson* v. *Wilson,* 67 Minn. 444, 448, se expresó así:

" 'Por el artículo 4807 de los Estatutos Generales de 1894 la corte está autorizada en todos los divorcios por cualquier causa ex-

cepto el adulterio de la mujer, a asignar y conceder a la misma, de los bienes del marido, aquella pensión alimenticia que estime justa y razonable, teniendo en consideración la capacidad del marido para darla, el carácter y situación de las partes y todas las demás circunstancias del caso, y puede en su propia orden hacer de dicha pensión una carga específica sobre cualquier propiedad real del marido.

" 'Pero la asignación total hecha en favor de la mujer, de los bienes del marido, bajo las disposiciones de este artículo, en ningún caso excederá, en valor actual, de una. tercera parte de los bienes muebles del marido y del valor de su viudedad (dower).

" 'La limitación así impuesta por el estatuto parece ser mandatoria, y su efecto morigerador es impedir a la corte el conceder a la mujer más de la tercera parte del valor presente de los bienes muebles e inmuebles del marido. Es muy plausible y también muy justa la contención de que cuando el marido carece de bienes muebles e inmuebles, pero tiene entradas de consideración por sus servicios profesionales o por otra causa, no debe permitírsele vivir lujosamente mientras su mujer padece hambre, especialmente cuando él es el culpable de que ella se viera obligada a solicitar el divorcio. Pero el remedio de esta situación está en las manos de la Legislatura y no de la corte. La legislatura ha fijado en términos precisos el status de los derechos de las partes en pleitos de divorcio y de los derechos incidentales sobre propiedad en tales casos; y como no encontramos autoridad que permita conceder a la mujer más de lo fijado en el estatuto de referencia, la sentencia de la corte inferior, debe ser modificada y dejada sin efecto la asignación de $360.' "

*Por las razones expuestas debe confirmarse la sentencia recurrida.*